```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) | Civil No. 11-00290 SOM/BMK |
| Petitioner, | ) ) ) | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM |
| vs. | ) ) | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 293, | ) ) ) ) | |
| Respondent. | ) ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM

I.  INTRODUCTION.

Respondent Sheet Metal Workers International Association, Local 293 ("SMW"), objects to the Magistrate Judge's order requiring SMW to comply with Subpoena Duces Tecum No. B-560096 ("subpoena"). This subpoena directs SMW to produce certain materials relating to an unfair labor practices investigation pending before the National Labor Relations Board (the "Board").

On February 25, 2011, the Board applied for an order requiring obedience to Subpoenas Duces Tecum No. B-560096. On April 19, 2011, after a hearing on the matter, Magistrate Judge Barry M. Kurren granted the order, concluding that the Board had satisfied the test for issuing an agency subpoena. On the same day, Magistrate Judge Kurren entered a written order requiring SMW to obey the subpoena.

SMW now objects to that order, arguing that Magistrate Judge Kurren committed factual and legal mistakes. SMW repeats the arguments in its prior Opposition and claims, among other things, that the subpoena violates procedural requirements. SMW also contends that Magistrate Judge Kurren failed to make a factual finding regarding the Board's bias. Pursuant to Local Rule 7.2(d), this court finds this matter suitable for disposition without a hearing. The court affirms Magistrate Judge Kurren.

II.     BACKGROUND FACTS.

On June 9, 2010, Michael Andreozzi filed an unfair labor practice charge against SMW in the Board's Subregion 37 office in Honolulu, Hawaii. See Declaration of Meredith Burns ("Burns Decl.") ¶ 3, ECF No. 2, Ex. 1. Andreozzi alleged that SMW had failed to fairly represent him in the course of operating its hiring hall by, among other things, failing to "dispatch him to work while dispatching other workers lower on the list." See ECF No. 2, Ex. 1A. The Board is currently conducting an investigation to determine whether SMW violated or is violating Andreozzi's rights under the National Labor Relations Act (the "Act") in Board Case 37-CB-2030. See Burns Decl. ¶ 5.

On June 29, 2010, Board Agent Jeff F. Beerman ("Agent Beerman") mailed and faxed a request for evidence in relation to this investigation to SMW's attorney, Charles K.Y. Khim

("Attorney Khim"). See id. ¶ 6; ECF No. 2, Ex. 1C. On July 15, 2010, Agent Beerman sent a follow-up request for evidence. See Burns Decl. ¶ 7; ECF No. 2, Ex. 1D. On July 30, 2010, Attorney Khim sent Agent Beerman a letter setting forth SMW's position on the allegations, but provided little of the requested information. See Burns Decl. ¶ 8; ECF No. 2, Ex. 1E. On the same day, the Board issued Subpoena Duces Tecum No. B-560096 at the request of Agent Beerman. See Burns Decl. ¶ 9; ECF No. 2, Ex. 1F. On July 30, 2010, Agent Beerman delivered a courtesy copy of the subpoena to Attorney Khim via electronic mail and regular mail. See Burns Decl. ¶ 10; ECF No. 2, Ex. 1G.

On August 6, 2010, the Board served SMW with Subpoena Duces Tecum No. B-560096. See Burns Decl. ¶ 11; ECF No. 2, Ex. 1H. The subpoena required the submission of documents and sworn testimony in connection with the pending investigation. See Burns Decl. ¶ 9; ECF No. 2, Ex. 1F. The subpoena also required SMW's Custodian of Records to appear before Agent Beerman on August 13, 2010, at the Board's Subregion 37 office. See ECF No. 2, Ex. 1F.

On August 13, 2010, SMW filed a Petition to Revoke Investigative Subpoena Duces Tecum, see Burns Decl. ¶ 12, and did not appear at the Subregion 37 office as required by the

3

subpoena.  See id. ¶ 13.  On September 30, 2010, Region 20[1]
issued an Order Referring Petition to Revoke Investigative
Subpoena.  See Burns Decl. ¶ 14; ECF No. 2, Ex. 1J.  On the same
date, Board Agent Katrina Woodcock ("Agent Woodcock") filed the
Region's Opposition to Respondent's Petition to Revoke.  See
Declaration of Katrina H. Woodcock ("Woodcock Decl.") ¶ 2, ECF
No. 2, Ex. 2.  Agent Woodcock informed Attorney Khim that the
region was amending Item No. 8 of the subpoena by narrowing the
documents sought under that request number.  See Woodcock Decl.
¶ 3; ECF No. 2, Ex. 2B.  On December 16, 2010, the Board denied
SMW's Petition to Revoke Investigative Subpoena Duces Tecum.
See Woodcock Decl. ¶ 6; ECF No. 2, Ex. 2E.  Between December 17,
2010, and January 16, 2011, Agent Woodcock made several
unsuccessful attempts via telephone and mail to Attorney Khim to
get SMW to comply with the subpoena.  See Woodcock Decl. ¶¶ 7-8;
ECF No. 2, Ex. 2F.  On February 3, 2010, Attorney Khim informed
Agent Woodcock that SMW would not comply with the subpoena.
See Woodcock Decl. ¶ 9.

On February 25, 2011, the Board applied to this court
for an order requiring SMW to obey the subpoena issued to it
pursuant to section 11(2) of the National Labor Relations Act, 29

---

[1] The Board's Subregion 37 office in Honolulu, Hawaii, is a
a suboffice of Region 20, and functions under the direction of
Region 20's Regional Director.  See Application for Order
Requiring Obedience to Subpoena Duces Tecum at 2 n.1, ECF No. 1.

U.S.C. § 161(2), as amended.  See ECF No. 1.  On March 4, 2011, Magistrate Judge Kurren issued an Order to Show Cause why an order should not issue requiring SMW to comply with Subpoena Duces Tecum No. B-560096.  See ECF No. 6.  On April 19, 2011, after a hearing on the matter, Magistrate Judge Kurren orally ordered SMW to obey the subpoena, and filed a written Order the same day.  See ECF Nos. 13 & 15.  On May 1, 2011, SMW filed its Objections to that Order.  See ECF No. 22.[2]  On May 6, 2011, the Board filed its Opposition to the Objections.  See ECF No. 25.

III.     LEGAL STANDARD.

Before considering SMW's Objections, the court must determine the appropriate standard of review.  SMW urges the court to perform a de novo review of Magistrate Judge Kurren's order, claiming that it was dispositive of their action.  See Objections at 8, ECF No. 22.  Although there is no controlling case authority from the Ninth Circuit, this court, in an abundance of caution, conducts a de novo review.

Although routine discovery orders are nondispositive, enforcement of agency subpoenas is frequently considered dispositive because the matter would return to the agency after a ruling on the discovery issue.  See NLRB v. Frazier, 966 F.2d

---

[2] SMW is reminded that any future briefs and memoranda exceeding fifteen pages must have a table of contents and a table of authorities.  See Local Rule 7.5(f).  Both parties are also reminded to submit two courtesy copies for any document pertaining to a request for court action.  See Local Rule 7.7.

812, 817 (3d Cir. 1992) (holding that the court reviews a magistrate judge's decision to quash an agency subpoena de novo as all further issues would be addressed in an administrative proceeding);[3] Aluminum Co. of Am. v. EPA, 663 F.2d 499, 500 (4th Cir. 1981) (holding that the district court should have reviewed de novo a magistrate's order regarding a motion to quash an administrative search warrant obtained by the EPA); EEOC v. Schwan's Home Serv., 707 F. Supp. 2d 980, 987 (D. Minn. 2010) (concluding that "an application to enforce an administrative subpoena duces tecum, where there is no pending underlying action before the Court, is generally a dispositive matter"); In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc., 400 F. Supp. 2d 386, 388 (D. Mass. 2005) (stating that enforcing or quashing administrative subpoenas is considered "dispositive" for

---

[3] In Frazier, a party to an administrative proceeding filed a complaint with the district court seeking to compel compliance with a subpoena pursuant to section 11 of the National Labor Relations Act, 29 U.S.C. § 161. 966 F.2d at 815. The Third Circuit held that, while enforcement of a subpoena is typically a nondispositive matter within the context of a larger civil action, in this case enforcement of the subpoena constituted the entire substance of the parties' case and was therefore dispositive. Id. at 817-18. The court stated:

> [I]n a proceeding to enforce a subpoena, the case before the district court is over regardless of which way the court rules. Once the court grants or quashes the agency subpoena, it determines with finality the duties of the parties. . . . The court's decision seals with finality the district court proceeding and is subject to appellate review.

Id.

6

purposes of review when the matter involving the subpoena constitutes the entire case before the Court."); NLRB v. Cable Car Advertisers, Inc., 319 F. Supp. 2d 991, 996 (N.D. Cal. 2004) (concluding that the "subpoena enforcement proceeding" in the district court is a dispositive matter because "[w]hen this motion is decided, the case will effectively be over").

This court treats the Magistrate Judge's order as a report of findings and recommendation (F&R) and reviews it de novo. If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo. Fed. R. Civ. P. 72(b)(3); Local Rule 74.2. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. Fed. R. Civ. P. 72(b). The district judge may consider the record developed before the magistrate judge. Local Rule 74.2. The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Boulware, 350 F. Supp. 2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error

on the face of the record.  See United States v. Bright, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

On this appeal, whether the court employs the de novo review or reviews the Magistrate Judge's Order for clear error, the Order passes muster.

IV.     ANALYSIS.

In its Objections, SMW largely repeats the arguments from its original Opposition to the Board's application for an order requiring obedience to the subpoena.  SMW's arguments remain unpersuasive.  Based on his review and consideration of the briefings and oral arguments of the parties, Magistrate Judge Kurren ruled that there was "good and sufficient cause" to require SMW to obey the subpoena duces tecum.  See Order at 2, ECF No. 15.  After conducting a de novo review, this court agrees with the Magistrate Judge.

    A.  Standard for Analyzing Agency Subpoena Enforcement.

An agency subpoena that is challenged should be reviewed to determine "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation."  EEOC v. Fed. Exp. Corp., 558 F.3d 842, 848 (9th Cir. 2009); NLRB v. N. Bay Plumbing, Inc., 102

F.3d 1005, 1007 (9th Cir. 1996) (citations omitted). If all three factors are established in the affirmative, "the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." N. Bay Plumbing, 102 F.3d at 1007.

> 1) Congress Granted the Board Authority to Investigate Unfair Labor Practice Charges.

Congress granted the Board broad authority and obligation to investigate unfair labor practice charges that are submitted before it. See 29 U.S.C. § 160(a) (granting the Board the authority "to prevent any person from engaging in any unfair labor practice" listed in section 8 of the Act). Section 11(1) of the National Labor Relations Act, 29 U.S.C. § 161(1), provides, in pertinent part:

> The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. . . . Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing.

29 U.S.C. § 161(1).

Andreozzi's charge in Board Case 37-CB-2030 alleges that SMW committed an unfair labor practice listed in section 8

9

of the Act.  See ECF No. 2, Ex. 1A.  Subregion 37 is currently investigating that allegation on behalf of the Board, pursuant to the investigative authority granted to it by Congress.  Among the authorities Congress has granted the Board is the issuing of "subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding."  See NLRB v. N. Bay Plumbing, Inc., 102 F.3d 1005, 1008 (9th Cir. 1996) (quoting NLRB v. Carolina Food Processors, Inc., 81 F.3d 507, 514 (4th Cir. 1996)).

                2)    Board's Procedural Requirements Followed.

The Board's procedural requirements for issuing subpoenas have been followed.  The subpoena was issued by the Board on behalf of an agent of the Board (Agent Beerman), and served on SMW in the manner provided by law.

Agent Beerman sought approval for the subpoena and the Board granted his request.  Applications filed before an underlying hearing are filed with the Regional Director, who is authorized to grant the application on behalf of the Board.  29 C.F.R. § 102.31(a).  At the hearing, Magistrate Judge Kurren highlighted the Board's numerous attempts to obtain the requested information without court intervention.  SMW had been given opportunities prior to the issuance of the subpoena to voluntarily cooperate with Subregion 37's investigation, but failed to provide all applicable information.  Following SMW's

refusal to voluntarily cooperate and upon Agent Beerman's application, the Board issued the subpoena.

Furthermore, the Board duly served the subpoena upon SMW by delivering it by certified mail to SMW's principal place of business. The Board received a return receipt for delivery of the subpoena as proof that it was duly served. A Board subpoena may be served by registered or certified mail, or by leaving a copy thereof at the principal office or place of business of the person required to be served. 29 U.S.C. § 161(4). The return post office receipt serves as proof of service. Id.

Given the charge that was filed and the request for approval by the Regional Director that was authorized and accepted, Magistrate Judge Kurren found no defect in how the subpoena was served. This court agrees with Magistrate Judge Kurren that the Board's procedural requirements were followed.

### 3) Subpoena Evidence is Relevant and Material to the Investigation.

The Board's subpoena request for information was relevant and material to the investigation. The Board has to show "only some reasonable basis for believing that the information will prove relevant." NLRB v. Int'l Medication Sys., Inc., 640 F.2d 1110, 1114 n.3 (9th Cir. 1981); see also Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509 (1943) (holding that it was duty of the district court to order the subpoena since "the evidence sought by the subpoena was not plainly incompetent

11

or irrelevant").

Andreozzi alleges that SMW violated section 8(b)(1)(A) of the Act by refusing to dispatch him for work while dispatching others who were lower on the dispatch list. See ECF No. 2, Ex. 1A. Pursuant to section 8(b)(1)(A), a union serving as an employee's exclusive collective bargaining agent must represent the employee's interests fairly and in good faith. 29 U.S.C. § 158(b)(1)(A). The Board issued the subpoena seeking documents that pertain to the actual referral practices of SMW and the referrals of people other than Andreozzi. The subpoena request includes documents relating to the rules and procedures SMW followed in operating its hiring hall and to the files documenting SMW's actual job referrals within the six months before the filing of the charge in Case 37-CB-2030. See ECF No. 2, Ex. 1F (copy of Subpoena Duces Tecum No. B-560096). The evidence requested by the subpoena was relevant and material.

    B.    Defendants Fail to Demonstrate That the Inquiry is Unreasonable.

The existence of the three factors constitutes a prima facie showing that the requirements for enforcement of an agency subpoena have been established. See FDIC v. Garner, 126 F.3d 1138, 1143 (9th Cir. 1997). Once a prima facie showing has been made, it is left to the respondent to show compelling reasons that the subpoenas should not be enforced or should be enforced only in modified form. See McLaughlin v. Service Employees

Union, ALF-CIO, Local 280, 880 F.2d 170, 174 (9th Cir. 1989).

SMW fails to carry its burden of demonstrating that the subpoena is unreasonably overbroad or unduly burdensome.

### C. SMW Does Not Establish That Its Objections Are Valid.

SMW makes six broad Objections to the Magistrate Judge's findings. None of the Objections meets SMW's burden.

First, SMW's only new argument is that Magistrate Judge Kurren failed to find that the Board was biased in favor of Andreozzi and against SMW. SMW relies on Attorney Khim's Declaration stating that Khim heard Thomas Cestare say that the Board was on Andreozzi's side. See Declaration of Charles K.Y. Khim ¶ 15, ECF No. 8-12. SMW argues that the Board's failure to address Attorney Khim's Declaration "clearly indicates" that the Board was on Andreozzi's side. See Objections at 13. This matter, offered for the truth of the matter asserted, is hearsay, propounded by an attorney advocate. Moreover, at the hearing, the Board denied that Cestare made the alleged statements. See Transcript at 18:18-22, ECF No. 24. The Board has also offered to provide Cestare's testimony to support its denial, see id. at 18:20-21, and a pertinent declaration from Cestare. See Opp'n to Objections at 4 n.4, ECF No. 25. Given the state of the record, this court, even analyzing the matter de novo, sees no reason to adopt SMW's position as to this disputed issue.

SMW also argues that Agent Beekman was biased, and that

13

the decision to issue an administrative subpoena was the "product of the unreviewed discretion of the enforcement officer in the field." See Objections at 16. SMW notes that the subpoena was requested by and returnable to Agent Beerman, allegedly clearly indicating that the subpoena was made by a lone, biased inspector in the field. See Objections at 15. The evidence does not show any bias in the issuing of the subpoena. Rather, the record demonstrates that the subpoena was properly issued to aid Agent Beerman in the investigation of an unfair labor practices charge. In fact, SMW's Petition to Revoke the subpoena was reviewed and rejected by the Board in Washington, D.C. See Woodcock Decl. ¶ 6; ECF No. 2, Ex. 2E. The subpoena was not issued by Agent Beekman alone. He properly sought and received approval from the Board.

Second, SMW argues that the subpoena violates the Fourth Amendment. See Objections at 14-17. SMW cites to two authorities in support of its argument, but neither is applicable to this case. See v. City of Seattle, 387 U.S. 541 (1967), held that a search warrant was a necessary prerequisite to an administrative search of business premises. United States v. Starnack Sales Co., 387 F.2d 849 (3d Cir. 1968), holding that consent is ordinarily required for a warrantless search of commercial premises by an inspector of the Food and Drug Administration, overturned a conviction based on evidence

14

obtained by an inspector acting without a formal subpoena. Both See and Starnack involved the arrest and conviction of persons who refused warrantless inspections by governmental agents who lacked delimiting subpoenas. In this case, the Board approved a delimiting subpoena under its authority to investigate alleged unfair labor practices. The requested documents will demonstrate whether Andreozzi's name was unlawfully bypassed and whether other workers were referred in a manner inconsistent with SMW's written rule that dispatches be made in the order of names on a list. See and Starnack were concerned about the impact of unchecked governmental inspections on the right to be free from unreasonable searches. That concern is absent here.

Third, SMW objects to the disclosure of documents purportedly already in the Board's possession. See Objections at 17-18. SMW cites United States v. Powell, 379 U.S. 48 (1964), in support of the proposition that disclosure of subpoena request item Nos. 2, 3, and 4 should not be compelled because the Board already has those items. See Objections at 17-18. Item No. 2 of the subpoena calls for the disclosure of SMW's Labor Management Agreement. See ECF No. 2, Ex. 1F. Item Nos. 3 and 4 ask for material relating to SMW's hiring rules and operations. See id. Powell concerned a summons and examination of IRS tax records. The applicable statute granted the IRS the power to make examinations, but included the caveat that no taxpayer would be

15

subjected to "unnecessary examination or investigations," and that "only one inspection of a taxpayer's books of account shall be made for each taxable year" in the absence of an applicable exception.  Id. at 52-53.  In this context, the Court wrote, "If . . . information in the taxpayer's records is needed which is not already in the Commissioner's possession, we think the examination is not 'unnecessary' within the meaning of [the statute]."  Id. at 53.

The problem with SMW's argument is that the Board cannot tell whether it has all the documents responsive to Item Nos. 2, 3, and 4.  The Board argues that the request for these items is designed to determine whether additional documents setting forth SMW's dispatch rules exist.  See Opp'n to Objections at 7, ECF No. 25.  The Board is in possession of the "Labor & Management Agreement" and "Referral Procedure" booklets, covered by the subpoena.  See id.  If these are the only policies in existence responsive to Item Nos. 2, 3, and 4, then SMW's Custodian of Records need only state as much when he or she appears in response to the subpoena.  Because SMW has failed to comply with the subpoena, the Board does not know whether it has all the rules and policies covered by Item Nos. 2, 3, and 4.

Fourth, SMW argues that the subpoena cannot be enforced because it violates the Board's procedural requirements.  This court and Magistrate Judge Kurren have both found otherwise.

16

Agent Beerman sought approval of the subpoena, and the Board, through its proper delegation to the Regional Director, authorized the subpoena in this case. SMW's argument that the Board's general counsel's office, and not the Board's office, must prove compliance with procedural requirements is unavailing. Once the subpoena was authorized, the subsequent amendment of Item No. 8 was allowed to be made locally. Magistrate Judge Kurren found that there was no need to return to the Regional Director to amend the subpoena to narrow it. See Transcript at 24:6-11. This court agrees.

Fifth, SMW complains that the subpoena violates the First Amendment. See Objections at 26-27. To prevail on this claim, SMW must demonstrate that "enforcement of the subpoenas will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights." Brock v. Local 375, 860 F.2d 346, 349-50 (9th Cir. 1988) (internal quotations and citations omitted). SMW argues that it will be harassed by the enforcement of the subpoena because "it will have to incur the expense of compiling and disclosing materials," and "will have to disclose its members' personal and sometimes embarrassing medical information." See Objections at 26. The Board has narrowed its original subpoena request and no longer seeks the results of drug

17

tests. Instead, the Board seeks documents going to the costs incurred by SMW in facilitating the tests and the identity of those tested. See ECF No. 2, Ex. 2B. The hiring hall rules in SMW's possession require all prospective employees to take a substance abuse test before being dispatched to an employer. See Opp'n to Objections at 9 n.6. There is evidence that SMW pays for the tests. See id. The documents requested by the revised subpoena are an alternative method of tracking SMW's dispatches and will help the Board determine whether and to what extent individuals were dispatched ahead of Andreozzi. See id. There is no support in the record for SMW's claims of harassment or chilling of SMW's members' associational rights.

Sixth, SMW argues that the subpoena violates its due process rights because it is tantamount to a judgment that "SMW . . . committed unfair labor practices without first being afforded a trial." See Objections at 27. SMW also argues that disclosure of Item Nos. 5, 6, and 7 was wrongfully compelled because the Regional Director's office lacked sufficient evidence to suggest a prima facie case for the charge that SMW had breached the hiring hall rules by referring others who were below Andreozzi. See id. at 24. Those items seek materials relating to the hiring hall operation and referral process. SMW's position ignores the Board's power to "investigate merely on suspicion that the law is being violated, or even just because it wants

18

assurance that it is not." United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950); see also Solis v. Laborer's Int'l Union of N. Am., Civ. No. 09-00512 ACK-BMK, 2010 WL 1783578, at *9 (D. Haw. Apr. 29, 2010). Again, "[t]he Board may issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." NLRB v. N. Bay Plumbing, Inc., 102 F.3d 1005, 1008 (9th Cir. 1996). Enforcement of the subpoena does not assign guilt. Instead, it allows the Board to investigate the possibility that SMW violated the law as alleged.

V.     CONCLUSION.

For the foregoing reasons, the court affirms the Magistrate Judge's Order Requiring Obedience to Subpoena Duces Tecum.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii May 10, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

National Labor Relations Board v. Sheet Metal Workers Int'l Asso., Local 293, Civ. No. 11-00290 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM.